## DUNCAN v MOTOR FREIGHT, INC

Ohio Appeals, 6th Dist, Erie Co

No 403. Decided April 19, 1933

Peter Catri, Sandusky, for plaintiff in error.

A. E. Sweigert for defendant in error.

**BY THE COURT**

The trial judge read to the jury a portion of §12603-1 GC, including the following:

"It shall be prima facie lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following, —Forty-five miles an hour on the highway outside of municipal corporations. It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations."

The trial judge then continued his charge in the following language:

"While this statute which I have just read, is a penal statute, it may be applicable to a case like this, and if, by a preponderance of the evidence, you find that the plaintiff at the time of the collision in question, was violating said statute by operating his automobile at a speed exceeding forty-five miles per hour, that would constitute negligence per se, that is, negligence as a matter of law, and would, of itself, without any further act, be negligence upon the part of the plaintiff."

The giving of the last quoted paragraph constituted error prejudicial to plaintiff in error.

There was evidence in this case tending to show that on September 6, 1930, the defendant, Motor Freight, Inc., through its driver, caused its unlighted truck to be parked in the middle of the night wholly on the pavement of route No. 2 east of Mittawanga in Erie County, Ohio, except that one of the dual wheels was just off the pavement and that defendant's driver, without good reason therefor, intentionally permitted the truck to stand about half an hour thus parked and unlighted while he went to sleep in the cab of the truck. The plaintiff below, operating his passenger car along the same highway, ran into the rear of the truck while so parked and unlighted.

The petition charges, in addition to negligence, a wilful and wanton act on the part of the defendant in so doing, and in the judgment of this court the trial court committed prejudicial error in failing to charge on wilfulness and wantonness.

For the errors above specified, the judgment will be reversed and the cause remanded for a new trial.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.